**Konstantinovic v Finch Apt. Corp.**

2024 NY Slip Op 30780(U)

March 12, 2024

Supreme Court, New York County

Docket Number: Index No. 152162/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                    PART             33M

*Justice*

-------------------------------------------------------------------X

JONEL KONSTANTINOVIC,

                        Plaintiff,

             - v -

FINCH APARTMENT CORP., ABILENE INC.

                     Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152162/2022 |
| MOTION DATE | 11/11/2023 |
| MOTION SEQ. NO. | 1 & 2 |

**DECISION + ORDER ON MOTION**

For Motion Sequence 1, the following e-filed documents listed by NYSCEF document number as 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37, 39, 42, 47, and

For Motion Sequence 2, the following e-filed documents listed by NYSCEF document number as 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 38, 40, 41, 43, 44, 45, 46

were read on these motions for             JUDGMENT - SUMMARY

Upon the foregoing documents, and after oral argument, which took place on September 12, 2023, where Clifford R. Tucker, Esq. appeared on behalf of the Plaintiff, Jonel Konstantinovic, Elizabeth Filardi, Esq. appeared on behalf of Defendant Finch Apartment Corp., and Bill V. Kakoullis, Esq. appeared on behalf of Defendant Abilene, Inc., Defendant Abilene, Inc.'s motion for an order for summary judgment dismissing all claims and cross-claims against it, is denied, and Defendant Finch Apartment Corp.'s , motion for an order for summary judgment dismissing all claims and cross-claims against it, is granted.

**Procedural History**

This personal injury action was commenced by the plaintiff, Jonel Konstantinovic ("Plaintiff"), by the service of a Summons and a Complaint dated March 10, 2022

152162/2022   KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL
Motion No. 001

Page 1 of 8

[* 1]

1 of 8

(NYSCEF Doc. 1). Defendant Abilene, Inc. ("Abilene") served its Answer on June 1, 2022 and cross-claimed against Defendant Finch Apartment Corp. ("Finch") (NYSCEF Doc. 7). Defendant Finch served its Answer on July 29, 2022 and cross-claimed against Abilene (NYSCEF Doc. 11).

Plaintiff has not yet served a Bill of Particulars or responses to any of the discovery demands served to date. No Preliminary Conference has been held nor have any depositions been conducted.

## Background

This case arises out of an accident that occurred on March 20, 2019 while Plaintiff was working in the boiler room of the premises located at 52 East 78th Street, New York, NY ("Premises") when he allegedly fell from a ladder and sustained personal injuries (NYSCEF Doc. 24). In his complaint, Plaintiff alleges that Defendants failed to provide him with a safe place to work and/or failed to provide him with reasonable and proper safety devices with which to perform his duties, allowed a ladder to be used in a dangerous manner, provided a defective ladder, and/or failed to provide him with the necessary safeguards and safety devices (NYSCEF Doc. 24).

In motion sequence 1, Defendant Abilene, a boiler installation and repair company that serviced the Premises on the day after Plaintiff's accident, seeks an order granting summary judgment and dismissing all claims and cross-claims against it (NYSCEF Docs. 24, 28).

In motion sequence 2, Defendant Finch, the owner of the Premises and Plaintiff's employer, seeks an order granting summary judgment and dismissing all claims and cross-claims against it (NYSCEF Docs. 13, 14).

152162/2022   KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL       Page 2 of 8
Motion No. 001

2 of 8

## Standard

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make a *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*Id.*) The moving party's "burden is a heavy one" and the "facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the opposing party to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez* at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978]). Mere conclusions, speculation, or unsubstantiated assertions are insufficient to defeat a motion for summary judgment (*Zuckerman* at 562; *Butler-Francis v New York City Hous. Auth.*, 38 AD3d 433, 434 [1st Dept 2007]).

## Discussion

### Motion Sequence 1

In motion sequence 1, Abilene contends that Plaintiff cannot establish that Abilene was negligent or owed Plaintiff any duty because Abilene was not involved in any work in the boiler room until after Plaintiff's accident, did not create or cause the dangerous condition that allegedly caused Plaintiff's accident, and did not have actual or constructive notice of the existence of the alleged condition.

152162/2022 KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL
Motion No. 001

Page 3 of 8

[* 3]

3 of 8

According to the affidavit submitted in support of Abilene's motion, Abilene did not have a service contract for the boiler room at the Premises and only responded on an on-call basis. Upon receipt of a request for services at the Premises, Abilene would "show up, evaluate and propose a recommendation for service or repair work. The customer then decides if it wants Abilene to perform the proposed work" (NYSCEF Doc. 28).

Abilene asserts that it submitted initial proposals dated March 13 and March 15, 2019 for work to be performed in the boiler room at the Premises, which were rejected on March 18, by Steven Hoffman of Hoffman Management ("Hoffman"), the managing agent (NYSCEF Docs. 28, 29). A proposal dated March 21, 2019 was eventually signed and accepted by Mr. Hoffman, and Abilene was retained to do work in the boiler room on March 21, 2019. Therefore, according to Abilene, Abilene was not doing work in the boiler room until after Plaintiff's alleged accident on March 20, 2019 (NYSCEF Docs. 28, 29, 31).

In opposition, Plaintiff maintains that Defendant Abilene's entire argument for dismissal is grounded upon its allegation that it was first retained to do work on the boiler on March 21, 2019, one day after Plaintiff's accident, while judiciously avoiding addressing whether Abilene performed work at the Premises prior to the Plaintiff's accident on March 20, 2019.

Plaintiff refers to emails between representatives of both Defendants and non-party Hoffman that establish that Defendant Abilene did in fact work at the Premises prior to the accident (NYSCEF Doc. No. 30, p. 6). By email dated March 15, 2019, Alex Volyand, Vice President at Abilene, requests a deposit for the proposed work and payment for "all the old invoices and give me a deposit 14.500 plus tax" in order to begin repair work on the boiler (NYSCEF Docs. 28, 30).

152162/2022   KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL
Motion No. 001

Page 4 of 8

4 of 8

Plaintiff contends that discovery is required to determine what type of work Defendant Abilene did at the Premises prior to Plaintiff's accident and if any of the work involved the subject leaking boiler. Mr. Volyand's email alone establishes that facts within Defendant Abilene's exclusive knowledge and control are necessary for Plaintiff to oppose Abilene's summary judgment motion and provide an evidentiary basis that additional discovery may lead to relevant evidence (NYSCEF Doc. 39) (*Erkan v McDonald's Corp.*, 146 AD3d 466, 467, 468 [1st Dept 2017]).

Another question of fact, Plaintiff asserts, is that while Mr. Quatroni stated that Defendant Abilene did not have a service contract for the Premises and would only respond on an "on call basis," he never addressed whether Abilene responded to any calls at the Premises prior to Plaintiff's accident (NYSCEF Doc. 28, 39).

The Court finds that Plaintiff's contentions are persuasive. The affidavit of Abilene's Vice President, Mr. Quatroni, itself makes clear that upon receipt of a request for services for the Premises, Abilene "shows up, evaluate[s], and propose[s] a recommendation for service or repair work." Thus, Abilene concedes that according to its stated business practice, it would have visited the boiler room at the Premises prior to Plaintiff's accident to assess the necessary repair work and make a recommendation. Whether Abilene did so, and whether Abilene performed any act while at the Premises that contributed to Plaintiff's accident are questions of fact sufficient to defeat its summary judgment motion.

(Remainder of page intentionally left blank)

152162/2022   KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL
Motion No.  001

Page 5 of 8

5 of 8

**Motion Sequence 2**

In motion sequence 2, Defendant Finch, the owner of the Premises and Plaintiff's employer, contends that Plaintiff's claims and Abilene's cross-claims against Finch are barred by the exclusive provisions of New York's Workers' Compensation Law.

According to the affidavit in support of Finch's motion, on or about June 12, 2019, Plaintiff signed a Stipulation of Settlement related to discontinuing all claims asserted by Local 32BJ on Plaintiff's behalf against Finch (NYSCEF Doc. 20). Plaintiff then signed a General Release on July 26, 2019, discontinuing all claims asserted by Local 32BJ on Plaintiff's behalf against Finch (*Id.*). Additionally, as a result of the alleged accident, Plaintiff submitted a Worker's Compensation ("WC") claim and received WC benefits (NYSCEF Doc. 19). On or about April 15, 2022, pursuant to Section 32 of the Workers' Compensation Law, Plaintiff executed a Waiver Agreement to settle his WC claim against Finch, which agreement was approved by the WC Board June 3, 2022 (*Id.*).

The Court agrees with Finch's contention that Plaintiff's negligence claims are barred by the Workers' Compensation Law (*Gonzales v Armac Indus.*, Ltd., 81 NY2d 1, 8 [1993] ["The sole and exclusive remedy of an employee against his employer for injuries in the course of employment is compensation benefits"]). Further, a "valid release which is clear and unambiguous on its face, and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties (*Bloss v Va'ad Harabonim of Riverdale*, 203 AD2d 36, 39 [1st Dept 1994], quoting *Appel v Ford Motor Co.*, 111 A.D.2d 731, 732 [1985]). Where a worker signed a settlement agreement to settle his workers' compensation claims against his employer and its workers' compensation carrier, the First Department has held that the release agreement between plaintiff and his employer released not only plaintiff's employment-based

152162/2022  KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL
Motion No. 001

Page 6 of 8

[* 6]

6 of 8

claims, but broadly released "all claims ... of whatever kind or nature in law, equity or otherwise, whether now known or unknown," including those arising out of "any injuries plaintiff sustained" (*Masi v Cassone Trailer & Container Co.*, 140 AD3d 532, 533 [2016]).

Equally clear is that the exclusivity provisions of the Workers' Compensation Law prohibit any third-party action against an employer for the injuries of their employees in the absence of a contract or a grave injury (*Pub. Adm'r of Bronx County v 485 E. 188th St. Realty Corp.*, 116 AD3d 1, 8 [1st Dept 2014]. Thus, the cross-claims asserted against Finch by Defendant Abilene must also be dismissed as a matter of law.

Accordingly, it is

**ORDERED** that Defendant Abilene's motion for an order for summary judgment dismissing Plaintiff's complaint and all cross-claims against it, is denied; and it is further

**ORDERED** that Defendant Finch's motion for an order for summary judgment dismissing Plaintiff's complaint and all cross-claims against it, is granted; and it is further

**ORDERED** that on or before March 29, 2024, the active parties shall submit a proposed preliminary conference order via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed preliminary conference order, the parties are directed to appear for an in-person preliminary conference on April 10, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

(Remainder of page intentionally left blank)

152162/2022   KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL
Motion No.  001

Page 7 of 8

7 of 8

**ORDERED** that within ten days of entry, counsel for Defendant Finch shall serve a copy of this Decision and Order with notice of entry on all parties to this action; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the court.

_____3/12/2024_____
DATE

_____
HON. MARY V. ROSADO, J.S.C.

## MOT. SEQ. 1

| CHECK ONE: | | CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | [X] DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

## MOT. SEQ. 2

| CHECK ONE: | | CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | [X] | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

152162/2022  KONSTANTINOVIC, JONEL vs. FINCH APARTMENT CORP. ET AL
Motion No. 001

Page 8 of 8

8 of 8

[* 8]